CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

2/15/2024

LAURA A. AUSTIN, CLERK
BY:  s/ ARLENE LITTLE
       DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA DANVILLE DIVISION

| | | |
|---|---|---|
| **REGINA FRETWELL,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | Civil Action No. ___4:24CV00006___ |
| | ) | |
| **PALLU HOSPITALITY LLC,** | ) | |
| | ) | |
| **SERVE**:   R/A: Kartik Patel | ) | **JURY TRIAL DEMANDED** |
|                  2360 Virginia Ave. | ) | |
|                  Collinsville, VA  24078 | ) | |
| | ) | |
| **-AND-** | ) | |
| | ) | |
| **KARTIK PATEL,** | ) | |
| | ) | |
| **SERVE**:   2360 Virginia Ave. | ) | |
|                  Collinsville, VA  24078 | ) | |
| | ) | |
| *Defendants*. | ) | |

## COMPLAINT

Regina Fretwell ("Ms. Fretwell" or "Plaintiff"), by and through undersigned counsel, brings this action against Defendants Pallu Hospitality LLC ("Pallu") and Kartik Patel ("Mr. Patel") (collectively, "Defendants") under the Fair Labor Standards Act, 29 U.S.C. § 203 et seq. ("FLSA"), Va. Code Ann. § 40.1-29, and Va. Code Ann. § 40.1-28.7:7.

I.     **INTRODUCTION**

1.     This case involves violations of the FLSA, Va. Code Ann. § 40.1-29, and Va. Code Ann. § 40.1-28.7:7.  Plaintiff has evidence that Defendants, through their authorized agents: (1) withheld overtime wages Plaintiff earned by virtue of being treated as a non-exempt employee, knowingly and willfully refused to pay Plaintiff the overtime bonuses she earned despite several

requests to do so, failed to provide Plaintiff paystubs to hide the fact they were not paying her the overtime bonuses she earned, falsely and absurdly claimed she was a 1099 subcontractor when she insisted she receive the overtime bonuses she earned, and failed to provide her W-2s (or 1099s) in order to hide the fact Plaintiff was employed by Defendants.

## II.    JURISDICTION AND VENUE

2.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203 et seq., Va. Code Ann. § 40.1-29, and Va. Code Ann. § 40.1-28.7:7.

3.    This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.    This Court has supplemental subject matter jurisdiction over the claims arising under Virginia state law because they are so related to the federal claims that they form part of the same case or controversy.  28 U.S.C.§ 1367(a).

5.    Venue lies in the Western District of Virginia, Danville Division, under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred here.

## III.    PARTIES

6.    Plaintiff, **Regina Fretwell**, is a United States citizen and legal resident of the Commonwealth of Virginia.

7.    Ms. Fretwell worked for Defendant between October 2022 and January 2024 and regularly worked 70 or more hours per week during this period.

8.    Defendants knowingly and willfully withheld overtime bonuses Ms. Fretwell earned while working for Defendants at the Quality Inn Dutch Inn located at 2360 Virginia Ave, Collinsville, VA, 24078, failed to provide her paystubs, withheld W-2s, 1099s, or similar earning

statements that prevented Ms. Fretwell from being able to file her taxes without committing fraud, and falsely claimed she was an independent contractor when she insisted she had earned overtime bonuses.

9.      **Pallu Hospitality LLC** ("Pallu") is a Virginia corporation with its principal place of business located at 2360 Virginia Ave, Collinsville, VA, 24078.

10.     Pallu purchased the property on which the Quality Inn Dutch Inn is located (2360 Virginia Ave, Collinsville, VA, 24078) on March 2, 2020, for $1,670,000.

11.     Pallu lists 5112 Glen Forest Dr, Raleigh, NC, 27612 as its "Principal Office Address."

12.     Pallu is the legal entity that operates the motel at which Plaintiff worked.

13.     **Kartik Patel** ("Mr. Patel") is the owner and managing member of Pallu Hospitality LLC.

14.     Mr. Patel also owns other hotels and related businesses in Virginia and North Carolina.

15.     Mr. Patel was actively involved in managing the Quality Inn Dutch Inn where Ms. Fretwell worked and repeatedly refused to pay her overtime bonuses she earned.

16.     Mr. Patel wrote and signed Plaintiff's checks and calculated the amount Defendants chose to pay her despite full knowledge she had earned overtime bonuses.

17.     Mr. Patel also failed to provide Plaintiff paystubs, W-2s, 1099s, or other year-end statements evidencing payment, and improperly characterized Plaintiff as an independent contractor to justify ex post facto his failure to pay her overtime bonuses.

## IV.    LEGAL FRAMEWORK

### A.    <u>The Fair Labor Standards Act</u>

18.    The Fair Labor Standards Act ("FLSA" or "the Act"), 29 U.S.C. § 203 et seq., establishes minimum wage, overtime pay, record keeping, and employment standards for employees in the private sector and in federal, state, and local government. Defendants are subject to the FLSA's regulations because their annual gross volume of sales is not less than $500,000.

19.    Employers subject to the FLSA must pay non-exempt employees at a rate of at least one and a half times their regular rate of pay for all hours worked each week beyond 40.  29 U.S.C. § 207(a).

20.    Under the FLSA, "'Employer'" includes any person acting directly or indirectly in the interest of an employer in relation to an employee ...."  29 U.S.C. § 203(d).

21.    Under the FLSA, "'Person'" means an <u>individual</u>, partnership, association, corporation, business trust, legal representative, or any organized group of persons.  29 U.S.C. § 203(a) (emphasis added).

22.    Thus, individuals (like Mr. Patel) bear personal liability under the FLSA if they "act[] directly or indirectly in the interest of an employer in relation to an employee ...."

23.    For hourly, non-exempt employees, their "regular rate of pay" is equal to their hourly wage, plus a pro-rated increase for nondiscretionary bonuses paid to the employee during any given period.  29 U.S.C. § 207(e).

24.    Employers who fail to comply with this requirement are liable to their affected employees for double damages, pre-judgment interest, attorney fees, and costs.  29 U.S.C. § 216(b).

25.     The FLSA also punishes employers who retaliate against employees for opposing the employer's practice of refusing to comply with the overtime requirements under the FLSA.  29 U.S.C. § 216(b).

26.     Under this provision, an employer who retaliates against an employee for complaining about overtime violations "shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).

**B.  Virginia Wage Payment Act, Va. Code § 40.1-29**

27.     Under Va. Code Ann. § 40.1-29(C), "No employer shall withhold any part of the wages or salaries of any employee except for payroll, wage or withholding taxes or in accordance with law, without the written and signed authorization of the employee.

28.     Under Va. Code Ann. § 40.1-29(J), "if an employer fails to pay wages to an employee in accordance with this section, the employee may bring an action, individually … against the employer in a court of competent jurisdiction to recover payment of the wages, and the court shall award the wages owed, an additional equal amount as liquidated damages, plus prejudgment interest thereon as provided in subsection G [8%], and reasonable attorney fees and costs." (Emphasis added.)

29.     "If the court finds that the employer knowingly failed to pay wages to an employee in accordance with this section or § 40.1-29.2, the court shall award the employee an amount equal to triple the amount of wages due and reasonable attorney fees and costs." Id. (emphasis added).

30.     "[A] person acts 'knowingly' if the person, with respect to information, (i) has actual knowledge of the information, (ii) acts in deliberate ignorance of the truth or falsity of the

5

information, or (iii) acts in reckless disregard of the truth or falsity of the information." Va. Code Ann. § 40.1-29(J).

31.　　"Establishing that a person acted knowingly shall not require proof of specific intent to defraud." Va. Code Ann. § 40.1-29(J).

32.　　Moreover, **"**[o]n each regular pay date, each employer … shall provide to each employee a written statement, by a <u>paystub or online accounting</u>, that shows the name and address of the employer; the number of hours worked during the pay period … the rate of pay; the gross wages earned by the employee during the pay period; and the amount and purpose of any deductions therefrom."  Va. Code Ann. § 40.1-29(c) (emphasis added).

33.　　"The paystub or online accounting shall include sufficient information to enable the employee to determine how the gross and net pay were calculated."  <u>Id.</u>

**C.  Misclassification of Workers, Va. Code § 40.1-28.7:7**

34.　　Under Va. Code Ann. § 40.1-28.7:7(a), "An individual who has not been properly classified as an employee may bring a civil action for damages against his employer for failing to properly classify the employee if the employer had knowledge of the individual's misclassification."

35.　　"An individual's representative may bring the action on behalf of the individual" to recover damages, costs, and attorney fees resulting from the employee being misclassified.  <u>Id.</u>

36.　　An employer who pays a person for services performed "shall be presumed to be an employee of the person that paid such remuneration, and the person that paid such remuneration shall be presumed to be the employer of the individual who was paid for performing the services, unless it is shown that the individual is an independent contractor as determined under the Internal Revenue Service guidelines."  Va. Code Ann. § 40.1-28.7:7(b).

## V.    STATEMENT OF FACTS

37.    Ms. Fretwell began working for Defendants in October 2022 assigned to the front desk on 3rd Shift for $11/hr.

38.    Beginning January 1, 2023, Ms. Fretwell began earning $12/hr. – the minimum wage employers were allowed to pay Virginia employees as of that date.

39.    At all times, Plaintiff was an hourly, non-exempt employee entitled to overtime premiums under the FLSA.

40.    Initially, Ms. Fretwell was scheduled to work an 8-hour shift.

41.    However, due to Defendants' failure to keep enough people hired to service the hotel, Plaintiff was asked to work considerable overtime.

42.    Despite working more than 40 hours in most weeks, Defendants refused to pay Plaintiff overtime bonuses she earned during those periods.

43.    Mr. Patel, acting as Plaintiff's employer and as an agent of Pallu, told Plaintiff he "didn't pay overtime" because "he couldn't afford to."

44.    Despite Mr. Patel's refusal to comply with the FLSA, VOWA, and other statutes and regulations requiring employers to pay overtime, Plaintiff continued to advocate for her rights under the aforementioned statutes to be paid overtime bonuses.  (See, e.g., **Exhibit 1**) (showing Plaintiff calculated the number of overtime hours she had worked and referencing unpaid overtime she had earned on previous checks that was not paid).

45.    Mr. Patel wrote Plaintiff a hand-written check (as opposed to a business check with information printed on it) every two weeks to compensate her for hours worked during the preceding 2-week period.  (See, e.g., **Exhibit 2**) (showing a paycheck in the amount of $1,518 for 126.5 hours of work @ $12/hr. that Mr. Patel signed.)

46.    Mr. Patel never deducted any state or federal income taxes or other employee payroll deductions, nor did he provide Plaintiff paystubs showing how her paycheck was calculated.

47.    Despite this, Plaintiff took contemporaneous photos of the timesheets she submitted and kept photos of her paychecks.

48.    Plaintiff is further able to establish the number of hours she worked each 2-week period by dividing the amounts she deposited as paychecks each 2-week period by 12.

49.    As Defendants continued to experience difficulty staffing their hotel, Plaintiff's job duties expanded to encompass almost anything that needed done and often worked back-to-back 8-hour shifts.

50.    Plaintiff began not only running the front desk (reception), processing check-ins and check-outs, but also set up breakfast, did laundry, and filled in as an emergency housekeeper.

51.    All services were performed at Defendants' hotel, using tools and supplies provided by Defendants, Defendants controlled all aspects of Plaintiff's work, and Defendants paid Plaintiff an hourly wage for all work performed.

52.    In the summer of 2023, Plaintiff again complained to Mr. Patel about not receiving overtime despite working well over 40 hours each week.

53.    Mr. Patel responded, "I already told you, Gina.  No overtime."

54.    Plaintiff contacted Tabitha Hilliker, the Front Desk Manager, to complain about not receiving overtime and even contacted her general manager.

55.    Between August 20, 2023, and September 30, 2023, Plaintiff worked at least **80 hours** every week!  (See **Exhibit 3**.)

56.    This resulted in between 40 and 58.5 hours overtime worked every week during this period.

57.    Unable to maintain this grueling pace, Plaintiff refused to work such excessive without appropriate overtime compensation.

58.    During the week of October 1, 2023, to October 7, 2023, Plaintiff refused to work Friday or Saturday after she had already worked 58.25 hours that week.

59.    While Plaintiff was off those two days, Ms. Hilliker replaced her and told other workers Plaintiff should not have taken those two days off.

60.    When Plaintiff returned to work on October 8, 2023, she was separated from employment and given her final paycheck.  (See **Exhibit 4**.)

61.    This act was done to retaliate against Plaintiff for engaging in protected activity by opposing Defendants' unlawful practice of refusing to pay overtime premiums, as required.

62.    In November 2023, Ms. Hilliker contacted Plaintiff and asked her to return to working for Defendants in her previous position.

63.    Ms. Hilliker promised Plaintiff her schedule would be much more reasonable and that Defendants would pay her overtime for any hours she worked beyond 40 each week.

64.    In fact, Ms. Hilliker's daughter had taken Plaintiff's position when she was separated and Ms. Hillker confirmed she was paying that employee overtime bonuses.

65.    In reliance upon these assurances, Plaintiff returned to work at Quality Inn Dutch Inn on November 24, 2023.

66.    Despite Ms. Hilliker's assurances, Plaintiff worked 14 hours that day.

67.    However, the following week she only worked 40 hours and the week after that, she was only scheduled for 40 hours.

68.     On Saturday, December 23, 2023, after Plaintiff had already worked 40 hours that week, an employee ("Raven") called out of work and Plaintiff was asked to work her shift (after having already worked 8 hours that day.

69.     Plaintiff agreed and worked the additional 8-hour shift, raising her total hours worked that week to 48.

70.     Despite Plaintiff having worked 8 hours of overtime that week, Defendants did not pay her any overtime bonuses for those 8 hours, as promised.

71.     When Plaintiff asked Ms. Hilliker about the overtime she was supposed to received, Ms. Hilliker confirmed Plaintiff would not be receiving overtime for those additional hours worked beyond 40 the previous week.

72.     After learning Defendants were still refusing to comply with the overtime requirements under state and federal law, Plaintiff resigned on January 15, 2024.

73.     Between October 2022 and January 15, 2024, Defendants knowingly failed to pay Plaintiff approximately $5,250 in overtime bonuses, as reflected in **Exhibit 3**.

**VI.     CAUSES OF ACTION**

**COUNT I**
**FLSA Violations, 29 U.S.C. § 203 et seq.,**
**Failure to Pay Overtime Bonuses**

74.     Plaintiff re-alleges and incorporates by reference paragraphs 1-73 as if fully set forth herein.

75.     Plaintiff was paid $11 for each hour worked while working for Defendants from October 2022 to December 31, 2022.

76.     Plaintiff was paid $12 for each hour worked while working for Defendants from January 1, 2023, forward.

77.     Plaintiff was a non-exempt employee under the FLSA as defined by the Internal Revenue Service guidelines.

78.     Under the FLSA, Plaintiff was entitled to receive an overtime bonus of 50% of her regular rate of pay for each hour worked beyond 40 each workweek.

79.     Because Plaintiff's regular rate of pay was $11/hr. until December 31, 2022, the overtime bonus to which she was entitled was $5.50/hr. for each hour beyond 40 each week during that period.

80.     Because Plaintiff's regular rate of pay was $12/hr. from January 1, 2023 forward, the overtime bonus to which she was entitled was $6/hr. for each hour beyond 40 each week during this period.

81.     Despite Plaintiff working far more than 40 hours during most weeks she worked for Defendants between October 2022 and January 15, 2024, Defendants failed to pay her any of the overtime bonuses she earned.

82.     Defendants' failure to pay Plaintiff these overtime bonuses is unlawful under the FLSA.

83.     Under § 216(b) of the FLSA, Defendant is liable for all unpaid overtime Plaintiff earned and an equal amount in liquidated damages, along with the attorney fees and costs Plaintiff incurs pursuing a remedy in this matter.

**COUNT II**
**FLSA Violations, 29 U.S.C. § 203 et seq.,**
**Retaliation**

84.     Plaintiff re-alleges and incorporates by reference paragraphs 1-83 as if fully set forth herein.

85.    Plaintiff engaged in protected activity by complaining to Mr. Patel and her direct supervisor, Ms. Hilliker, that Defendants were required to pay her overtime premiums for all hours worked beyond 40 each week.

86.    Plaintiff further engaged in protected activity by notating on her timesheets the number of hours she worked beyond 40 each week and, on several occasions, specifically notated those hours as "OT hours" and even calculated the amount of overtime premium she believed she was due.

87.    Plaintiff further engaged in protected activity by opposing Defendants' violations of the FLSA by refusing to work additional overtime hours after Defendants refused to pay her overtime premiums.

88.    In response to Plaintiff's actions, Defendants separated her from employment and replaced her, causing her to lose wages between October 8, 2023, and November 23, 2023.

89.    Based on her prior rate of wages earned (including overtime premiums Defendants were obligated to pay Plaintiff), Plaintiff lost $6,334.51 in wages during this period, calculated as follows:

      a.   Plaintiff worked 928.5 hours between June 18, 2023, and September 30, 2023.

      b.   Of these hours, 345.75 of which were worked in excess of 40 during the week in which they were earned.

      c.   Plaintiff's regular rate of pay was $12/hr. during this period and her overtime premium was $6/hr.

      d.   The 928.5 hours at her regular rate of pay equals $11,142.00.

      e.   The 345.75 hours at her overtime premium rate equals $2,074.50.

    f.   This results in earned wages of $13,216.50 over a period of 14 weeks, yielding average weekly earnings of $944.04.

    g.   Plaintiff was prevented from working for 47 days, or 6.71 weeks between October 8, 2023, and November 23, 2023.

    h.   6.71 weeks * $944.04 per week equals $6,334.51.

90.    Under 29 U.S.C. § 216(b), an employer who retaliates against an employee for complaining about overtime violations is liable to the employee for wages lost, liquidated damages, and other appropriate legal and equitable relief to protect the employee from retaliation, including reinstatement and promotions she would have earned had she not been retaliated against.

## COUNT III
### Virginia Wage Payment Act Violations, Va. Code § 40.1-29
### Failure to Pay Overtime Bonuses

91.    Plaintiff re-alleges and incorporates by reference paragraphs 1-90 as if fully set forth herein.

92.    Under Va. Code § 40.1-29(C), Defendants were not entitled to withhold overtime bonuses from Plaintiff's paychecks that she had earned each pay period.

93.    Under Va. Code § 40.1-29(J), Defendants are liable for the unpaid wages Plaintiff earned and an additional amount equal in liquidated damages, plus prejudgment interest of 6%.

94.    Because Defendants knowingly failed to pay Plaintiff's wages in accordance with Va. Code § 40.1-29, Defendants are further liable for triple the amount of unpaid wages and reasonable attorney fees and costs.

## COUNT IV
### Virginia Wage Payment Act Violations, Va. Code § 40.1-29
### Failure to Provide Paystubs

95.    Plaintiff re-alleges and incorporates by reference paragraphs 1-94 as if fully set forth herein.

96.    Under Va. Code Ann. § 40.1-29(c), Defendants were required to provide Plaintiff each pay period a paystub or other online accounting showing the number of hours she worked, her rate of pay, her gross wages, and any deductions therefrom.

97.    "The paystub or online accounting shall include sufficient information to enable the employee to determine how the gross and net pay were calculated." Id.

98.    Defendants failed to provide Plaintiff any paystubs or online accounting of any kind during the entire time she worked for Defendants.

## COUNT V
### Misclassification of Workers, Va. Code § 40.1-28.7:7
### Misclassifying Plaintiff as an Independent Contractor

99.    Plaintiff re-alleges and incorporates by reference paragraphs 1-98 as if fully set forth herein.

100.    Because Plaintiff performed services for Defendants in exchange for payment, she is presumed to be an employee of Defendants.  Va. Code Ann. § 40.1-28.7:7(b).

101.    Plaintiff was misclassified as an independent contractor despite not meeting the "Internal Revenue Service guidelines" for evaluating independent contractor status.

102.    Defendants treated Plaintiff as an independent contractor by failing to make payroll deductions from the wages she earned and by failing to provide her a W-2 at the end of 2022.

103.    Defendants' failure to provide Plaintiff a W-2 (or even a 1099) for 2022 has prevented her from filing taxes for 2022, resulting in penalties and interest.

14

104.     Because Defendant failed to make payroll deductions or pay the employer's portion of payroll deductions, Plaintiff is liable for significantly higher payments when she files her state and federal taxes.

105.     Under Va. Code Ann. § 40.1-28.7:7(a), Plaintiff is entitled to recover damages, costs, and attorney fees resulting from being misclassified.  Id.

## VII.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Regina Fretwell prays that judgment be entered in her favor and against the Defendants as follows:

a.     That this Court declare Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 216(b);

b.     That this Court declare Defendant violated Va. Code Ann. § 40.1-29 by failing to pay Plaintiff overtime bonuses and by failing to provide her paystubs;

c.     That this Court declare Defendants violated Va. Code Ann. § 40.1-28.7:7 by treating her as an independent contractor;

d.     That Defendants pay compensatory damages for all unpaid overtime bonuses she earned and an equal amount in liquidated damages, plus prejudgment interest, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

e.     That Defendants pay compensatory damages for Plaintiff's lost wages which Defendants withheld from her and an additional equal amount in liquidated damages (or triple damages if Defendants knowingly withheld these wages), plus prejudgment interest of 6% pursuant to Va. Code Ann. § 40.1-29(J);

f.     That Defendants pay compensatory damages of $6,334.51 in wages Plaintiff lost between October 8, 2023, and November 23, 2023, and an equal amount in liquidated damages.

g.      That Defendants pay compensatory damages for all damages she has suffered from being misclassified;

h.      That Plaintiff be reinstated to the position she would have attained at Quality Inn Dutch Inn had she not been retaliated against for opposing Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. § 203 et seq,;

i.      That Plaintiff be awarded all reasonable attorney fees and costs, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 203 et seq,, Va. Code Ann. § 40.1-27.3, and Va. Code Ann. § 40.1-28.7:7.

j.      That Plaintiff be awarded post-judgment interest; and

k.      That the Court award such other and further relief as is just, equitable, and proper.

**PLAINTIFF DEMANDS A JURY ON ALL ISSUES SO TRIABLE.**

February 15, 2024

      REGINA FRETWELL

     By*:   /s/ Christopher E. Collins*
      Christopher E. Collins
      *Counsel for Plaintiff*

Christopher E. Collins (VSB No. 90632)
Mia Yugo (VSB No. 92975)
**YUGO COLLINS, PLLC**
25 Franklin Road, SW
Roanoke, Virginia 24011
Tel: (540) 861-1529
Direct: (540) 855-4791
chris@yugocollins.com
mia@yugocollins.com

*Counsel for Plaintiff*