IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| REGINA FRETWELL, | ) |
| *Plaintiff,* | ) |
| v. | ) Civil Action No. 4:24-cv-00006 |
| PALLU HOSPITALITY LLC, | ) |
| -AND- | ) |
| KARTIK PATEL, | ) |
| *Defendants.* | ) |

### MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff Regina Fretwell ("Plaintiff" or "Ms. Fretwell") and Defendants Pallu Hospitality, LLC ("Pallu") and Kartik Patel ("Mr. Patel") (collectively "Defendants") respectfully request approval of a settlement reached in relation to Plaintiff's claims raised under the Fair Labor Standards Act ("FLSA") and other claims. As outlined below, this Court should approve the settlement because it is a reasonable resolution of a *bona fide* dispute over those claims.

I.  PROCEDURAL AND FACTUAL BACKGROUND

   a. **Ms. Fretwell's Role at Pallu**

Ms. Fretwell worked full-time for Defendants between October 2022 and February 2024 as a front desk worker and cleaner.

   b. **Ms. Fretwell's Claims**

On February 15, 2024, Ms. Fretwell filed her Complaint. (**ECF No. 1**.) Ms. Fretwell alleged that Defendants misclassified her as an independent contractor, failed to pay her for

overtime she alleged she was eligible for, failed to provide her paystubs, and retaliated against her for opposing those alleged violations. Defendants denied they owed Ms. Fretwell any money for unpaid overtime, misclassification, or retaliation, and claimed that Ms. Fretwell owed them money for unpaid bookings at the hotel.

## II. SETTLEMENT AGREEMENT TERMS

The Settlement Agreement (**Exhibit 1**) includes the following key terms:

a. **Settlement Proceeds**: Defendants will pay a total of $68,000 in settlement proceeds, representing $72,000 minus an offset of $4,000 for Defendants' claims against Ms. Fretwell.

b. **Ms. Fretwell's Recovery**: Defendants have agreed to pay Ms. Fretwell a total of $34,000, divided as $12,000 in W-2 wages and $22,000 in 1099 payments.

c. **Ms. Fretwell's Counsel's Fees and Costs**: Defendant has agreed to pay Ms. Fretwell's counsel $34,000 for all attorney fees and costs associated with her pursuit of her claims and defending Ms. Fretwell against Defendants' claims.

d. **Timing of Payments**: Defendants have agreed to pay $60,000 on or before December 13, 2024. The remaining $8,000 shall be paid in two equal payments of $4,000, due on or before January 12, 2025, and February 11, 2025, respectively.

e. **Confidentiality Provision**: The parties have agreed to limit their public discussion of this settlement to the terms contained in the attached Settlement Agreement.

Accordingly, the settlement amount provides a significant recovery for Ms. Fretwell that provides her with $34,000.00, which is more than triple the wages Ms. Fretwell alleges were withheld from her. It also resolves all Defendants' claims against Ms. Fretwell. The settlement does not run afoul of any public policy concerns, provides all parties with a complete release of

2

claims and potential counterclaims, and does not impose undue confidentiality requirements on either party.

### III. REASONS TO APPROVE THE SETTLEMENT AGREEMENT

This Court should approve the Settlement Agreement and dismiss the action with prejudice because the settlement is the product of contested litigation, the parties are represented by competent and experienced counsel, the settlement was achieved through arms-length negotiations between competent counsel, and the Settlement Agreement reflects a reasonable compromise over disputed procedural and substantive issues.

Settlement is an important aspect of the judicial process that is treated with favor by the court. Hensley v. Alcon Labs., Inc., 277 F.3d 535, 540 (4th Cir. 2002); see also Lomascolo v. Parsons Brinkerhoff Inc., 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009). The settlement of FLSA claims is likewise encouraged but requires Court approval to ensure that the parties reached a fair and reasonable resolution of a bona fide dispute. See Taylor v. Progress Energy, Inc., 493 F.3d 454, 460 (4th Cir. 2007) ("[T]here is a judicial prohibition against the unsupervised waiver or settlement of [FLSA] claims."), superseded on other grounds by regulation, 73 Fed. Reg. 67987 (Nov. 17, 2008), as recognized in Whiting v. Johns Hopkins Hosp., 416 Fed. App'x 312 (4th Cir. 2011); Howell v. Dolgencorp, Inc., 2011 WL 121912, at *I (N.D. W.Va. Jan. 13, 2011) ("[C]laims for unpaid wages arising under the FLSA may be settled or compromised only with the approval of the District Court or the Secretary of Labor."); Browne v. The Pantry, Inc., 2011 WL 5119263, at *2 (M.D.N.C. Oct. 28, 2011) (noting that FLSA cases "cannot be settled without a court finding that the settlement is fair and reasonable") (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982)).

3

When considering whether to approve an FLSA settlement, district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*. See, e.g., LaFleur v. Dollar Tree Stores, Inc., F. Supp. 3d 588, 593 (E.D. Va. 2016); Latham v. Branch Banking and Trust Co., 2014 WL 464236, at *1 (M.D.N.C. Jan. 14, 2014); Lopez v. NTL LLC, 748 F. Supp. 2d 471, 478 (D. Md. 2010). As the Court noted in LaFleur v. Dollar Tree Stores, Inc., "[i]n determining whether a settlement is 'fair, adequate, and reasonable' there is a 'strong presumption in favor of finding a settlement fair' that must be kept in mind in considering the various factors to be reviewed." 189 F. Supp. 3d 588, 593 (E.D. Va. 2016) (internal citations omitted). When evaluating whether to approve a settlement agreement, the Court may consider the following factors: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits; and (6) the amount of the settlement in relation to the potential recovery. *Id.*

As a general rule, "[w]hen a settlement agreement has been the subject of arm's-length bargaining, with class counsel in a position to evaluate accurately the chances of the class prevailing if the case went to trial and where no objections are raised by any of the affected parties, there is a strong presumption in favor of settlement." Houston v. URS Corp., 2009 WL 2474055, at *5 (E.D. Va. Aug. 7, 2009). This is exactly what has occurred here.

### A. The Parties had a *Bona Fide* Dispute over Wages and Reason for Termination

To merit court approval, the settlement must resolve a bona fide dispute over an alleged violation of the FLSA. Lomascolo, 2009 WL 3094955, at *16 (citing Lynn's Food Stores, 679

4

F.2d at 1355). *Bona fide* procedural and substantive disputes over each claim clearly exist in this case.

### 1. Unpaid Wages / Misclassification Damages

The parties dispute whether Defendants are liable to Ms. Fretwell for any unpaid wages. Ms. Fretwell alleged she earned just over $5,000 in unpaid overtime premiums and $3,398.14 in misclassification damages. Defendants allege Ms. Fretwell was an independent contractor and was not entitled to overtime premiums, nor were they required to provide her with paystubs.

### 2. Retaliation Damages

Ms. Fretwell also alleges she was retaliated against for opposing Defendants' alleged violations, resulting in $12,330.98 in lost wages, plus emotional distress and punitive damages. Defendants deny they retaliated against Ms. Fretwell in any way.

### 3. Defendants' Potential Counterclaim

Defendants claim Ms. Fretwell stayed at the hotel for several week without paying for those stays. Ms. Fretwell claims she paid for all dates during which she stayed at the hotel.

### B. The Proposed Settlement Amount is Fair and Reasonable

Consideration of the six *LaFleur* factors confirms that the proposed settlement is fair and reasonable. During the litigation, Ms. Fretwell was represented by counsel experienced in handling wage and hour claims. The settlement the parties ultimately reached was the product of arm's length negotiations. The settlement agreement provides significant relief to Ms. Fretwell and eliminates the inherent risks both sides would bear if this case were to continue.

Given these circumstances, a presumption of fairness should attach to the proposed settlement. See Lomascolo, 2009 WL 3094955, at *10 (noting that "[t]here is a strong presumption in favor of finding a settlement fair that must be kept in mind in considering the various factors to

be reviewed in making the determination of whether a settlement is fair, adequate and reasonable . . . A court is entitled to rely on the judgement of experienced counsel for the parties in performing this balancing task and absent fraud, collusion or the like, a court should be hesitant to substitute its own judgment for that of counsel") (citation and internal quotation marks omitted); see also Lynn's Food Stores, Inc., 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of litigation in an FLSA case resulting in settlement as an indication of fairness); In re BankAmerica Corp. Securities Litig., 210 F.R.D. 694, 700 (E.D. Mo. 2002) (recognizing that "[i]n evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and awards of litigation, a presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery.").

### i. Factor 1: The Extent of Discovery That Has Taken Place

All witnesses except Ms. Fretwell were deposed and significant written discovery has taken place. Counsel for both parties have discussed the operative facts of this case and the issues involved. This discovery allowed counsel to adequately evaluate Ms. Fretwell's claims and what amount would be a reasonable settlement. Accordingly, the parties have had adequate opportunity to "fairly evaluate the liability and financial aspects of [the] case." Lomascolo, 2009 WL 3094955, at *11 (*quoting In re: A.H. Robbins Co.*, 88 B.R. 755, 760 (E.D. Va. 1988)).

### ii. Factor 2: The State of Proceedings, Including Complexity, Expense and Duration

The stage of the proceedings, complexity of the procedural issues, expense in litigating the issues, and likely duration of the litigation weighs in favor of approving the settlement. If the dispute continued, the parties would likely both file motions for summary judgment, after which this Court would rule on those motions. Assuming any claims survive after this Court rules on

those motions, the matter may have proceeded to an expensive trial, with risks to both sides, as well as likely appeals and post-trial motions. The current stage of the case has enabled counsel for the parties to access the respective strengths and weaknesses of their positions on the viability of the wage and retaliation claims and reach a conclusion that settlement of Plaintiff's claims is in the parties' best interests, without continuing to incur substantial time, effort, and expense of continuing the litigation.

      iii.    **Factor 3: The Absence of Fraud or Collusion**

There is absolutely no suggestion of fraud or collusion, and the settlement negotiations were conducted at arm's-length. In the absence of any evidence to the contrary, it is presumed that no fraud or collusion occurred. Lomascolo, 2009 WL 3094955, at *12.

      iv.    **Factor 4: The Experience of Plaintiff's Counsel**

Ms. Fretwll's counsel has litigated multiple FLSA cases. Based on their knowledge of this matter and applicable case law, as well as through discussions with Defendant's counsel, Ms. Fretwell's counsel believes the settlement is fair, reasonable and adequate. "Although the Court is not bound by counsel's opinion, [counsel's] opinion is nonetheless entitled to great weight." In re BankAmerica, 210 F.R.D. at 702. Indeed, the final settlement amounts were the product of good-faith negotiations between the parties with the assistance of knowledgeable counsel. See Lomascolo, 2009 WL 3094955, at *12 (noting that there "is a strong presumption in favor of finding a settlement fair that must be kept in mind in considering the various factors to be reviewed in making the determination of whether a settlement is fair, adequate and reasonable . . . A court is entitled to rely on the judgment of experienced counsel for the parties in performing this balancing task and absent fraud, collusion of the like, a court should be hesitant to substitute its own judgment for that of counsel."). In reviewing the opinions of counsel, "a court should bear in

mind that counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." Quintanilla v. A & R Demolition, In., 2008 U.S. Dist. LEXIS 37449, at *15 (S.D. Tex. 2008) (internal citations omitted).

### v.     Factor 5: The Opinions of Counsel and Plaintiff

Counsel for both Parties agree the terms of the settlement are reasonable, as do their clients. The amount ensures Ms. Fretwell will receive more than triple the amount she alleges was withheld. This is a fair outcome, particularly given Defendants' available legal arguments and the potential counterclaims they could assert.

### vi.    Factor 6: The Amount of Settlement in Relation to the Potential Recovery

As demonstrated by the parties' description of the *bona fide* dispute, if Ms. Fretwell were successful on her wage claims, she would recover approximately **$5,000**. That amount could potentially be doubled or tripled if this Court concluded Defendant knowingly or willfully withheld those funds from Ms. Fretwell. She also could recover **$3,398.14** in misclassification damages. If Ms. Fretwell were successful on retaliation claims, she could potentially recover punitive damages and/or emotional distress damages. As noted, *supra*, there were risks associated with these claims, including not recovering anything and having to defend counterclaims. Therefore, the parties compromised by Defendants agreeing to pay a total of **$68,000** and waive all claims against Ms. Fretwell.

## IV.    CONCLUSION

For the foregoing reasons, the parties respectfully request that this Court approve the settlement of Ms. Fretwell's FLSA claims as fair and reasonable and dismiss this case, all parties bearing their own costs, with prejudice.

December 1, 2024

8

Respectfully submitted,

| | |
|---|---|
| /s/ Jonathan W. Gonzalez | /s/ Christopher E. Collins |
| Jonathan W. Gonzalez, Esq. (VSB #92259) | Christopher E. Collins, Esq. (VSB #90632) |
| Gordon Rees Scully Manukhani, LLP | **YUGO COLLINS, PLLC** |
| 5425 Discovery Park Blvd., Suite 200 | 25 Franklin Road, SW |
| Williamsburg, VA 23188 | Roanoke, VA 24011 |
| Telephone: (757) 903-0875 | Telephone: (540) 861-1529 |
| Facsimile: (757) 401-6770 | Facsimile: (540) 900-5285 |
| jwgonzalez@grsm.com | chris@yugocollins.com |
| | |
| *Counsel for Defendants* | *Counsel for Plaintiff* |